Filed 10/12/21  P. v. Burns CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308077 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA348603) |
| v. | |
| DONVAY LAMARR BURNS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Frederick N. Wapner, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pitney, Assistant Attorney General, Jonathan J. Kline and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Donvay LaMarr Burns (appellant) filed this appeal to challenge the denial of his Penal Code section 1170.95[1] petition for resentencing.  He claims that the trial court erred when it followed *People v. Cervantes* (2020) 44 Cal.App.5th 884, 886 (*Cervantes*) and ruled that he was ineligible for relief because the statute applies to murder convictions but not voluntary manslaughter convictions based on no contest pleas.  Alternatively, he contends that section 1170.95 violates equal protection (U.S. Const., 14th Amend., Cal. Const., art. I, § 7) and substantive due process.  We affirm the trial court's order because the statute, by its clear terms, applies to murder, not voluntary manslaughter, and it does not violate any constitutional principles.

**FACTS**

Appellant was charged with multiple crimes, including murder (§ 187) and assault with a firearm (§ 245, subd. (a)(2)), in an amended information containing various enhancement allegations.[2]  On May 3, 2012, appellant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and assault with a firearm.  He admitted gang allegations (§ 186.22, subd. (b)(1)(C)) and gun allegations (§ 12022.5, subd. (a)).  The trial court sentenced him to an aggregate determinate prison term of 25 years, and an additional concurrent prison term of three years.

On April 29, 2019, appellant filed his petition for resentencing.  In subsequent briefing, he argued that section

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     In the original petition, he was charged with committing murder with a codefendant.

2

1170.95 is ambiguous and should be construed as applying to all homicides, including manslaughter. Also, he argued that it violates equal protection to treat defendants convicted of manslaughter more harshly than defendants convicted of murder by making only the second group eligible for section 1170.95 relief.

At the prima facie review hearing under section 1170.95, subdivision (c), appellant's counsel argued that the Legislature intended for a defendant to be eligible for relief if he was facing a murder charge based on the natural and probable consequences theory and then pleaded guilty to voluntary manslaughter in lieu of trial. The trial court disagreed based on *Cervantes* and denied the petition.

This appeal followed.

## DISCUSSION

The statutory interpretation, equal protection and substantive due process questions raised by appellant are subject to de novo review. (*In re Efstathiou* (2011) 200 Cal.App.4th 725, 728; *Ruiz v. Musclewood Property Investments* (2018) 28 Cal.App.4th 15, 20–21.)

Section 1170.95, subdivision (a) provides that a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when," inter alia, the "petitioner was convicted of first degree murder or second degree murder following a trial or accepted a plea in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder," and the "petitioner could not be convicted of first or second degree murder

3

because of changes to Section 188 or 189 made effective January 1, 2019."[3] We reject appellant's contention that the reference to petitioners who "accepted a plea in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder" is ambiguous and could encompass a petitioner who pleaded no contest to voluntary manslaughter. By its opening language, which is precise and plain, the statute applies to petitioners who were convicted of felony murder or murder under a natural and probable consequences theory. It does not apply to defendants convicted of voluntary manslaughter, whether by a jury or plea agreement. The language of the statute is not susceptible to any other rational interpretation. (*People v. Hillhouse* (2003) 109 Cal.App.4th 1612, 1618 [courts must follow a statute's plain meaning unless it would lead to an absurdity that the Legislature could not have intended].)

Our analysis is consistent with case law. (*People v. Turner* (2020) 45 Cal.App.5th 428, 438 ["the legislative history confirms that a defendant who faces murder liability under the natural and probable consequences doctrine, but pleads guilty to manslaughter in lieu of trial, is not eligible for resentencing under section 1170.95"]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 [section 1170.95 applies to murder, not voluntary manslaughter]; *Cervantes*, *supra*, 44 Cal.App.5th at p. 886 ["section 1170.95 applies only to murder convictions"]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 920 (*Sanchez*) ["section 1170.95 relief is not available to those offenders who pled guilty to voluntary manslaughter"]; *People v. Paige* (2020) 51 Cal.App.5th 194, 201–204 (*Paige*); *People v. Harris* (2021) 60

---

[3]  Section 1170.95 was added by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 208, ch. 1015, § 4).

4

Cal.App.5th 557, 567–569, review granted Apr. 21, 2021, S267529 (*Harris*).)

We also conclude that section 1170.95 does not violate equal protection under the federal and state Constitutions. Even assuming defendants convicted of murder and voluntary manslaughter are similarly situated, there is a rational relationship between the disparity of the treatment and a legitimate and conceivable governmental purpose. (*Harris, supra*, 60 Cal.App.5th at pp. 569–570 [identifying the elements of an equal protection analysis when there is no suspect class or fundamental right involved].) The Legislature could have concluded that punishment for voluntary manslaughter was appropriate but that the punishment for murder based on the natural and probable consequences doctrine could be excessive and reform was needed. (*Id.* at p. 570, citing *Sanchez, supra*, 48 Cal.App.4th at p. 921.)

Once again, case law is in lockstep. (*Cervantes, supra*, 44 Cal.App.5th at p. 886 [excluding the defendant who pleaded no contest to voluntary manslaughter from section 1170.95 "does not violate his right to equal protection"]; *Paige, supra*, 51 Cal.App.5th at pp. 205–206 [rejecting the equal protection challenge to section 1170.95 by a person convicted of voluntary manslaughter]; *Sanchez, supra*, 48 Cal.App.5th at pp. 920–921 [section 1170.95 does not violate equal protection by excluding defendants who pleaded guilty to a homicide offense in order to avoid trial on a murder charge premised on natural and probable consequences]; *Harris, supra*, 60 Cal.App.5th at p. 571 ["Because a rational basis supports the Legislature's decision to exclude those convicted of . . . voluntary manslaughter from the ambit of

section 1170.95, the legislative line-drawing between offenses in section 1170.95 withstands" equal protection scrutiny].)

Finally, section 1170.95 does not violate substantive due process, which only demands that there be a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives. (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888.) Here, the legislative goal when enacting SB 1437 was to eliminate murder convictions in instances where a defendant was not the actual killer, did not act with intent to kill, and did not act with reckless indifference to human life while committing a felony listed in section 189, subdivision (a). (See *People v. Solis* (2020) 46 Cal.App.5th 762, 781–782 [explaining the reach of SB 1437].) A second goal was to provide a method for vacating such convictions and resentencing defendants. This latter goal was rationally achieved by the section 1170.95 petition procedure to vacate those murder convictions. (See *Cervantes*, *supra*, at p. 888.)

All other issues are moot.

## DISPOSITION

The order denying appellant's section 1170.95 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
          ASHMANN-GERST


We concur:


_____, P. J.
          LUI


_____, J.
          CHAVEZ


7